UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

STEVEN PAUL WHITE,

        Plaintiff,

   v.

CITY OF SPOKANE, STEVEN MARSALIS, THOMAS KRYZINSKI and LARRY HASKELL,

        Defendants.

2:18-cv-00072-SAB

**ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PENDING MOTION**

**1915(g)**

    Before the Court is Plaintiff's First Amended Complaint. ECF No. 14. As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir. 1981)), overruled in part by *Lacey,* 693 F.3d at 928 (any claims voluntarily dismissed are considered to be waived if not repled).

    Furthermore, Defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Consequently, Defendants State of Washington, County of Spokane,

**ORDER DISMISSING FIRST AMENDED COMPLAINT
AND DENYING PENDING MOTION -- ** 1

Spokane County Public Defenders Office and Spokane County Prosecuting Attorneys Office have been terminated from this action and Defendants Steven Marsalis, Thomas Kryzinski and Larry Haskell have been added.

## FIRST AMENDED COMPLAINT

Plaintiff complains that he was confined at the Spokane County Jail for twenty months following his April 27, 2016 jury conviction for second degree robbery. ECF No. 14 at 5-6. Plaintiff indicates that his public defender, Defendant Steven Marsalis, successfully sought a new trial, which the State appealed. *Id.* at 5. Although Plaintiff does not state the outcome of that appeal, he indicates that he pleaded guilty to second degree robbery on December 7, 2017. *Id.* at 11.

Plaintiff contends that he should have been sentenced on May 27, 2016, to a standard sentencing range. *Id.* at 6-7. He argues that the failure to sentence him at that time constitutes "unlawful imprisonment" in violation of the Eighth Amendment proscription against cruel and unusual punishment, and he blames his public defender. *Id.* at 6.

Plaintiff asserts that it was the duty of Defendant Steven Marsalis to file "any paperwork necessary in the interests of justice," and the failure to "have [Plaintiff] sentenced" violated Plaintiff's constitutionally protected rights. *Id.* at 6. Plaintiff states that he had requested to be sentenced by various means, including kites, letters and motions. He argues that the fact his public defender ignored his requests to be sentenced, pending the outcome of the State's appeal of the grant of a new trial, amounts to cruel and unusual punishment. *Id.* at 9.

Plaintiff contends that Defendant Marsalis also violated his due process rights under *Sandin v. Connor,* 515 U.S. 472 (1995). He asserts that there are "three liberty interests described in *Sandin v. Connor,*" and that his confinement at the county jail allegedly imposed "atypical and significant hardship." ECF No. 14 at 10.

**ORDER DISMISSING FIRST AMENDED COMPLAINT
AND DENYING PENDING MOTION -- 2**

Plaintiff argues that a prisoner in a state facility would have had more freedom of movement and opportunities to obtain treatment for hepatitis B. *Id.* at 10-11. He contends that, because he was housed on the maximum security floor of the county jail, he suffered from anxiety, stress, depression and high blood pressure for which he received prescription medications. *Id.* at 7. Plaintiff complains that the county jail does not provide for treatment for hepatitis B, and the prescribed medications allegedly harm his liver. *Id.* at 10-11.

The elements of a due process claim by a pretrial detainee under the Fourteenth Amendment include: (1) The individual defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved - making the consequences of the defendants conduct obvious; and (4) by not taking such measures, the defendant caused plaintiff's injuries. *Gordon v. County of Orange,* ___ F.3d ___, 2018 WL 1998296, *5 (April 30, 2018); *Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016). Plaintiff has alleged no facts from which the Court could infer individual Defendants made intentional decisions regarding the conditions under which Plaintiff was confined. Plaintiff has failed to state a due process violation.

Plaintiff contends that he had a "liberty interest" in being sentenced and placed in a state correctional facility following his conviction in 2016, and pending the appellate court's decision whether to retry Plaintiff. *Id.* at 9-10. He cites to RCW 36.63.255. *Id.,* at 8. Because a judgment and sentence were not entered against Plaintiff at that time and he was not appealing a conviction, the cited statute would not apply to Plaintiff, and would not create any enforceable liberty interest.

**ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PENDING MOTION -- 3**

Plaintiff asserts that if he had been sentenced in May 2016, his rights under the Sixth, Eighth and Fourteenth Amendments would not have been violated. Plaintiff has presented no facts from which the Court could infer that any portion of the Sixth Amendment was violated by any of the identified Defendants. The alleged Eighth and Fourteenth Amendment violations are also unsupported.

Plaintiff contends that by ignoring his requests to be sentenced pending the appellate court's decision whether to grant a new trial, his public defender subjected Plaintiff to Eighth and Fourteenth Amendment due process violations. Plaintiff contends that if he had been sentenced and sent to a state corrections facility, he would have had more freedom of movement and more opportunities for hepatitis B treatment and would not have suffered anxiety, stress, depression and high blood pressure, requiring liver-harming medications.

Plaintiff presumes that the trial court would have sentenced him under these circumstances. It is axiomatic that a judge would not sentence an individual for whom that judge had just granted a new trial. Furthermore, as a public defender, Steven Marsalis does not act under color of state law, and therefore, cannot be subject to liability under 42 U.S.C. § 1983. *See Polk County v. Dodson,* 454 US. 312, 325 (1981), *holding limited on other grounds by West v. Atkins,* 487 U.S. 42 (1988); *Miranda v. Clark County Nevada*, 319 F.3d 465,468 (9th Cir. 2003)(*en banc*)(even assuming a public defender who subpoenaed no witnesses and mounted no defense provided deficient representation, he was acting in the traditional lawyer role and would not be considered a state actor). Therefore, Plaintiff's claims against Defendant Marsalis are subject to dismissal.

**DEFENDANTS CITY OF SPOKANE AND THOMAS KRYZINSKI**

Plaintiff also brings this action against the City of Spokane and Thomas Kryzinski as the head of the Spokane County Public Defenders, claiming they failed to properly train Steven Marsalis "in post conviction action to be undertaken

**ORDER DISMISSING FIRST AMENDED COMPLAINT
AND DENYING PENDING MOTION -- 4**

by counsel." *Id.* at 12. The Court is unable to find any law requiring a public defender, who has successfully moved for a new trial, to ask the trial court to sentence the accused pending the outcome of an appeal challenging the decision to grant a new trial.

Plaintiff has alleged no facts from which the Court could infer that the alleged failure to train Defendant Marsalis resulted in a violation of Plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 690 (1978). Therefore, Plaintiff's allegations against Defendants City of Spokane and Thomas Kryzinski are subject to dismissal.

## DEFENDANT LARRY HASKELL

Plaintiff claims Defendant Larry Haskell, as head of the Spokane County Prosecuting Attorney's Office, has violated Plaintiff's Fourteenth Amendment right to be free of discrimination. *Id.,* at 12. Plaintiff contends that there is a "well known policy" that any offender with nine or more felony points, will not be given a plea bargain to a lesser included offense. *Id.* Plaintiff states that Defendant Haskell made this policy. *Id.* at 13.

Plaintiff appears to assert that because he has more than nine felony points, his "only plea deal is plead as charged and receive a standard sentencing range for that charge." *Id.* at 12-13. The Court is unable to discern a constitutional violation from these asserted facts. There is no constitutional right to a plea bargain, and the decision whether to offer a plea bargain is a matter of prosecutorial discretion. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). Therefore, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Haskell.

## DISMISSAL

The Court had cautioned Plaintiff that if he chose to amend his complaint and the Court found that the amended complaint was frivolous, malicious, or failed to state a claim upon which relief may be granted, the amended complaint would

**ORDER DISMISSING FIRST AMENDED COMPLAINT
AND DENYING PENDING MOTION -- 5**

be dismissed pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), and such dismissal would count as one of the dismissals under 28 U.S.C. § 1915(g).  As presented, Plaintiff has failed to state claims against the named Defendants upon which relief may be granted.

Accordingly, **IT IS ORDERED** the First Amended Complaint, ECF No. 14, is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).  **IT IS FURTHER OREDERED** that all pending Motions are **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  <u>Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915. This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.</u>

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order, enter judgment, provide copies to Plaintiff at his last known address, and close the file.  The Clerk of Court is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Corrections Division.   The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 23rd day of August 2018.



Stanley A. Bastian<br>
United States District Judge

**ORDER DISMISSING FIRST AMENDED COMPLAINT AND DENYING PENDING MOTION -- 6**